Cause No. 2016CI14539

| | | |
|---|---|---|
| RICHARD ESPINOZA, JR., RAYMOND ESPINOZA, AND REBECCA ANN SANCHEZ | § § § | IN THE DISTRICT COURT |
| v. | § § § | 408TH JUDICIAL DISTRICT |
| WMK MANAGEMENT, LLC, D/B/A DOUBLETREE BY HILTON | § § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs, Richard Espinoza, Jr., Raymond Espinoza, and Rebecca Ann Sanchez, respectfully, and file this First Amended Original Petition complaining of Defendant, WMK Management, LLC, d/b/a DoubleTree by Hilton ("WMK"), and would show:

### I. Discovery Control Plan

1. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, discovery is intended to be conducted under a Level Three (3) discovery control plan.

### II. Parties and Service of Process

2. Plaintiff, Richard Espinoza, Jr. is an individual residing in San Antonio, Bexar County, Texas. Richard Espinoza is the surviving son of Richard Espinoza, Sr., deceased. The last three digits of Richard Espinoza, Jr.'s driver license and social security number are 272 and 374, respectively.

3. Plaintiff, Raymond Espinoza is an individual residing in San Antonio, Bexar County, Texas. Raymond Espinoza is the surviving son of Richard Espinoza, Sr., deceased. The last three digits of Raymond Espinoza, Jr.'s driver license and social security number are 382 and 187, respectively.

4. Plaintiff, Rebecca Ann Sanchez is an individual residing in San Antonio, Bexar County, Texas. Rebecca Ann Sanchez is the surviving daughter of Richard Espinoza, Sr.,

deceased. The last three digits of Rebecca Ann Sanchez' driver license and social security number are 238 and 549, respectively.

5.  Defendant, WMK Management, LLC, d/b/a DoubleTree by Hilton (hereinafter "WMK") is a Texas corporation which may be served by serving its attorney of record.

### III. Jurisdiction and Venue

6.  Monetary relief of greater than two hundred thousand dollars ($200,000.00), but no more than one million dollars ($1,000,000.00) is being sought.

7.  Pursuant to Texas Civ. Prac. & Rem. Code § 15.002(a)(1), venue is proper in Bexar County, Texas.

### IV. Facts

8.  On or about February 26, 2016, Richard Espinoza, Sr. was working on his regular job shift as a maintenance repairman at the DoubleTree by Hilton hotel located at 37 N.E. Loop 410, San Antonio, Texas, 78216, operated by Defendant WMK. During his shift, Espinoza attempted to repair a guest room's inoperative air conditioner, but was unable to restore its functionality. An occupant guest of the room thereafter complained to the front desk that the air conditioner was not working, and Espinoza's supervisor directed Espinoza to attempt to repair the unit again. Unbeknownst to Espinoza, when he returned to attempt repair of the air conditioner, its wires remained "hot." Espinoza was exposed to a deadly electric current when he attempted to repair the unit, and he was fatally electrocuted, resulting in the damages made the basis of this suit.

### V. Judicial Notice

9.  Plaintiffs respectfully request the Court to take judicial notice of the Life Tables promulgated by the United States Government.

10. Plaintiffs respectfully request the Court to take judicial notice of the United States Department of Labor Occupational Safety and Health Administration Regulations contained in 29

CFR Part 1910.

## VI. Gross Negligence of Defendant

11. Defendant, WMK, through the acts and omissions of its agents and employees, was grossly negligent with respect to its supervision of Richard Espinoza, Sr., and with respect to the dangerous condition that proximately resulted in his death. The gross negligence of defendant WMK, as summarized below, proximately caused the event and damages made the basis of this suit.

    i. Defendant WMK, through the imputed acts of its agents and employees, subjectively knew of and created a dangerous condition and workplace environment, to-wit: a deadly electrical current at the air conditioner, by the following acts and omissions:

        a. Requiring Decedent Richard Espinoza, Sr., to attempt repair of the air conditioner when Defendant WMK knew Richard Espinoza, Sr. was unqualified and untrained to work on the equipment;

        b. Requiring Decedent Richard Espinoza, Sr. to attempt repair of the energized air conditioner without any provision for personal protective equipment, insulating and shielding materials, and insulated tools;

        c. Exposing Decedent Richard Espinoza, Sr. to electrical hazard without effectively de-energizing the air conditioning system; and

        d. Requiring Decedent Richard Espinoza, Sr. to work on the air conditioner without enforcing and/or establishing proper electrical work procedures.

    ii. When viewed objectively from Defendant WMK's standpoint at the time of its occurrence, its acts and omissions listed above posed an extreme degree of risk to Richard Espinoza, Sr., considering the probability and magnitude of the potential harm to Richard Espinoza, Sr. Defendant WMK had actual, subjective awareness of the risk involved, but

nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. The gross negligence of Defendant WMK, including as employer and owner of the subject premises to which Richard Espinoza Sr., a licensee and employee on the premises, proximately caused economic damages and non-economic damages to Plaintiffs.

## VI. Damages

12. Plaintiffs seek exemplary damages for the wrongful death of their father as a result of Defendant's gross negligence, which Plaintiffs are entitled to under Texas Labor Code §408.001(b) and Texas Civil Practices & Remedies Code § 41.003(a); and/or under the Texas Wrongful Death Act, Texas Civil Practices & Remedies Code Ch. 71.

## VII. Prayer

13. WHEREFORE, premises considered, Plaintiffs Richard Espinoza, Jr., Raymond Espinoza, and Rebecca Ann Sanchez, respectfully, pray for a final hearing herein and judgment against Defendant WMK Management, LLC, d/b/a DoubleTree by Hilton for damages as alleged, penalties, costs, expenses, pre-judgment interest and post-judgment interest and attorney's fees, and for such other and further lawful and equitable relief to which they may be entitled.

RESPECTFULLY SUBMITTED

BONILLA LAW FIRM
3910 IH 35 South, Suite 200
San Antonio, TX 78704
Tel.:   (512) 441-1111
Fax:   (512) 445-7505

By: Peter Mills. SBN 24043827
    Bradford A. Bonilla, SBN 24075755
    Nicholas R. Madsen, SBN 24081641
    pmills@jonbonilla.com

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that the foregoing document has been served to Defendant through its attorney on this, the 21st day of September, 2016, as listed below:

*Via Facsimile*, 214-748-4530
Mr. Timothy U. Stanford
Downs Stanford, P.C.
2001 Bryan St., Suite 4000
Dallas, TX 75201
Tel.: 214-748-7900
Fax: 214-748-4530

_____
Peter Mills